```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                       JACKSON DIVISION
```

WILLIAM M. BROWN                                            PLAINTIFF

VS.                                CIVIL ACTION NUMBER 4:06CV54TSL-JMR

TOWN OF DEKALB, MISSISSIPPI, ET AL.                        DEFENDANTS


<u>MEMORANDUM OPINION AND ORDER</u>

This cause is before the court on the motion of plaintiff William M. Brown for partial summary judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure.  Defendants Town of Dekalb, Mississippi, Kirk Merchant and Jeff Jowers oppose the motion, and the court, having considered the parties' memoranda and submissions, concludes that the motion is not well taken and is due to be denied.

Plaintiff filed this action pursuant to 42 U.S.C. §§ 1983 and 1985.  By his complaint, he charges that on April 26, 2005, while he was working at Wal-Mart in Philadelphia, Mississippi, Jowers, a Dekalb Police Officer, under the direction of Dekalb Police Chief Merchant, unlawfully arrested him.  The complaint further alleges that after his arrest, Jowers drove him in a squad car to the Commercial Bank of Dekalb, where Jowers and Merchant forced plaintiff to deliver to them the contents of his safety deposit box.  Thereafter, Brown alleges that he was

1

unlawfully held behind locked doors at the Dekalb police station and was only released when his mother and attorney arrived and requested his release.  For these alleged deprivations, Brown seeks compensatory and punitive damages, as well as injunctive relief, in the form of a cease and desist order requiring the defendants to abandon their allegedly unlawful custom/policy or practice of illegal arrests and seizures.

By his motion, Brown urges that, pursuant to the doctrine of collateral estoppel, he is entitled to the entry of partial summary judgment on the issue of "unlawful seizure."  In support of his contention, he presents an August 4, 2005 "judgment" from the Neshoba County, Mississippi Circuit Court.[1]  This judgment

---

[1]     As a law enforcement officer, Jowers was entitled to receive a probable cause hearing under Mississippi Code Annotated § 99-3-28 before a warrant for his arrest could be entered.  This section provides, in pertinent part:
> 1)(a) Except as provided in subsection (2) of this section, before an arrest warrant shall be issued against . . . a sworn law enforcement officer within this state as defined in Section 45-6-3 for a criminal act, whether misdemeanor or felony, which is alleged to have occurred while the . . . law enforcement officer was in the performance of official duties, a probable cause hearing shall be held before a circuit court judge. The purpose of the hearing shall be to determine if adequate probable cause exists for the issuance of a warrant. All parties testifying in these proceedings shall do so under oath.  The accused shall have the right to enter an appearance at the hearing, represented by legal counsel at his own expense, to hear the accusations and evidence against him; he may present evidence or testify in his own behalf.

provides, in pertinent part:

> Came on this date for consideration the Affidavit of William Michael Brown, filed April 29, 2005, against the Defendant who was in the performance of his official duties as a law enforcement officer and William Michael Brown, appearing before the Court represented by the County Attorney, and the Defendant appearing before the Court represented by counsel, the Court proceeded to hear the sworn testimony and evidence, and finds that probable cause does exist and that the evidence supports an arrest warrant for the charge of unlawful arrest shall be issued against the Defendant, Jeff Jowers.

Pointing to the judgment and citing Holmes v. Jones, 738 F. 2d 711, 713 (5th Cir. 1984) (setting forth, inter alia, elements of issue preclusion), Brown reasons that the issue of "unlawful arrest" of plaintiff by Jowers was litigated before and decided by the state court.  He further contends that as the state court's decision on this issue was a necessary and essential part of the state court judgment, he satisfied the elements of collateral estoppel.  Plaintiff is incorrect.

As defendants point out, on the question of collateral estoppel, this court must apply the state law of collateral estoppel to determine whether the doctrine precludes re-litigation of an issue in the federal forum.  Allen v. McCurry, 449 U.S. 90, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980) (state doctrine of issue preclusion applies to action brought pursuant to § 1983).  Regarding the preclusive effect of a judgment such as the one presented here, the Mississippi Supreme Court has

---

1.

held: "A determination by a Justice Court Judge that probable cause exists to refer a charge to the grand jury is not a final judgment for purposes of collateral estoppel."  Royal Oil Co., Inc. v. Wells, 500 So. 2d 439, 445 (Miss. 1986).  Accordingly, as the state court judgment in this instance is not entitled to preclusive effect under Mississippi law, plaintiff's motion is due to be denied.

Based on the foregoing, it is ordered that plaintiff's motion for partial summary judgment is denied.

SO ORDERED, this the 19th day of October, 2006.

                                         /s/ Tom S. Lee
                                         UNITED STATES DISTRICT JUDGE