IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**WILLIAM M. BROWN**                                                                 **PLAINTIFF**

**VS.**                                                   **CIVIL ACTION NO. 4:06CV54LR**

**TOWN OF DEKALB, MISSISSIPPI; DEKALB
POLICE DEPT.; KIRK MERCHANT, in his
official capacity of DeKalb Police Chief and
individually and  JEFF JOWERS, in his official
capacity of DeKalb Police Officer and individually**         **DEFENDANTS**

## ORDER

This matter came before the court on the Defendants' Motion to Require Specific Reply to Defendants' Immunity Defenses and to Hold Discovery in Abeyance and the Plaintiff's Motion to Compel Discovery.  With regard to the first Motion, the court has reviewed the Plaintiff's extensive response and is of the opinion that he has adequately described the events at issue, as follows:

1. On April 26, 2005, while at work at the Wal-Mart store in Philadelphia, MS, Plaintiff was unlawfully seized, taken into custody, and arrested by DeKalb police chief, Defendant Kirk Merchant.

2. Defendants had no warrant for the arrest of Plaintiff and were not assisted by the Neshoba County Sheriff Department or the Philadelphia City Police Department.

3. Defendant Jowers threatened to tow Plaintiff's car if Plaintiff did not allow him to search his car.  Defendant Jowers searched Plaintiff's car without a search warrant after threatening Plaintiff.

4. Plaintiff was arrested, placed in a DeKalb police squad car and transported to the Commercial Bank in DeKalb, MS.

5. Defendants Kirk Merchant and Jeff Jowers forced Plaintiff to get his bank safe deposit box and deliver it to Defendants. Defendants searched and seized the contents of Plaintiff's bank safe deposit box at Commercial Bank.

6. Defendants had no warrant for any search and/or seizure of the contents of Plaintiff's bank safe deposit box.

7. Defendants then imprisoned Plaintiff in the DeKalb police station against his will behind locked doors. Plaintiff was held there until his mother and attorney came, knocked on the locked doors and requested that he be allowed to go.

8. Defendants warned Plaintiff not to tell anyone about what had occurred.

The court is of the opinion that these allegations adequately set forth the Plaintiff's claim, at least with regard to his specific claims. However, according to the Defendants, the Plaintiff has also claimed that he has been harmed by the policies, customs, and practices of the Dekalb Police Department, and there is no information contained in either his Complaint or his Interrogatory responses that supports that claim. To that extent then, the Motion will be granted.

The Defendants also seek a stay of discovery, on grounds that an immunity defense has been asserted. Unif. Local R. 16.1(B)(4)(a) and (b) provide for such a stay, where the Defendant has raised the defense by separate motion. A review of the docket in this case does not indicate that such a Motion has been filed; therefore, a stay is inappropriate at this time. The denial of a stay is, however, without prejudice to the Defendants' right to seek such relief after filing a Motion raising their immunity defense. Because discovery will not be stayed at this time, the Defendants will be ordered to respond to the Plaintiff's Motion to Compel.

IT IS, THEREFORE, ORDERED that the Defendants' Motion to Require Specific Reply to Defendants' Immunity Defenses and to hold Discovery in Abeyance is hereby **granted** in part and **denied** in part, as follows:

1. On or before December 11, 2006, the Plaintiff shall provide to the Defendants a summary of the information that supports his claim regarding the policies, customs or practices of the DeKalb Police Department or the City of DeKalb.

2. Discovery will not be stayed at this time.

3. On or before December 11, 2006, the Defendants shall respond to the Plaintiff's Motion to Compel.

IT IS SO ORDERED, this the 20th day of November, 2006.

                                                S/John M. Roper
                                     UNITED STATES MAGISTRATE JUDGE