**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM M. BROWN** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 4:06CV54LA** |
| **TOWN OF DEKALB, MISSISSIPPI; DEKALB POLICE DEPT.; KIRK MERCHANT, in his official capacity of DeKalb Police Chief and individually and JEFF JOWERS, in his official capacity of DeKalb Police Officer and individually** | **DEFENDANTS** |

## ORDER

This matter came before the court on the Plaintiff's Motion to Compel Discovery, to which the court earlier ordered the Defendants to respond. In their Response, the Defendants correctly note that the Plaintiff failed to accompany his Motion with the required Certificate of Good Faith, an omission that the court failed to note earlier. The Plaintiff excuses that failure by asserting that it was the Defendants' responsibility to initiate a good faith conference prior to seeking a stay of discovery.

The purpose of a good faith conference is to permit the attorneys to work out discovery issues without seeking the court's intervention. Since the parties cannot, on their own agreement, stay or extend the discovery deadline, there is no purpose in requiring a good faith conference prior to filing such a motion. Unif. Local R. 26.1(B)(3). Thus, the Defendants were not required to initiate a good faith conference prior to seeking a stay or to attach a certificate of such conference to their motion.

Moreover, the Defendants' request for additional information related to their immunity defense is not a discovery motion, but a test of the pleadings, in accordance with Fed. R. Civ. P. 8.

*Schultea v. Wood*, 47 F.3d 1427, (5th Cir. 1995).  Where the immunity motion is successful, the Defendants are dismissed prior to discovery.  Thus, the Defendants were likewise not obligated to conduct a good faith conference or file a certificate thereof in connection with that request for relief.

Had the court earlier noted the lack of a good faith certificate, it would have, in accordance with its customary practice, denied the motion for that reason, without prejudice to re-file after a conference.  However, in the situation where briefing is complete prior to the court's noticing the deficiency, it makes little sense to have the attorneys begin the motion process anew.  Moreover, where, as here, a party has wholly and utterly failed to respond to discovery requests, it does not appear that such a conference would be useful.

IT IS, THEREFORE, ORDERED that the Plaintiff's Motion to Compel Discovery is hereby **granted**.  The Defendants shall respond to the Plaintiff's discovery requests on or before January 16, 2007.

IT IS SO ORDERED, this the 21st day of December, 2006.

                                              S/Linda R. Anderson
                                  UNITED STATES MAGISTRATE JUDGE